## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| ROBERT J. MURPHY, | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 02-2541** |
| | : | |
| FEDERAL INSURANCE COMPANY, | : | |
| **Defendant.** | : | |
| | : | |

**Tucker, J.**                                                                                    **January 18, 2006**

### MEMORANDUM AND ORDER

Presently before this Court are Defendant's Motion for Summary Judgment or in the Alternative Dismissal Under FED. R. CIV. P. 37 (Doc. 36), Plaintiff's Response in Opposition and Memorandum in Support of Its Motion for Summary Judgment (Doc. 39), and Defendant's Response to Plaintiff's Motion for Summary Judgment (Doc. 40). For the reasons set forth below, the Court will grant Defendant's Motion for Summary Judgment and Deny Plaintiff's Motion for Summary Judgement.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

From the evidence in the record, the pertinent facts are as follows. Plaintiff, Robert Murphy ("Murphy") filed this claim for breach of an insurance contract against Defendant, Federal Insurance Company ("Federal") on March 28, 2002. The claim centers around a homeowners insurance policy (the "Federal Policy") that Murphy purchased from Federal to insure his home located at 7

---

[1] Defendant alternatively moved for dismissal under FED. R. CIV. P. 37, citing Murphy's "well-documented pattern of dilatory conduct." Def. Mem. at 19. It is not necessary to decide this issue for the reasons outlined below. Nonetheless, the Court notes that Murphy's conduct would also qualify for dismissal under Rule 37 because of his refusal to comply with the discovery orders of this Court. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F. 2d 863 (3d Cir. 1984) (affirming the dismissal of an insureds' insurance claim as a sanction for the their attorney's dilatoriness in responding to discovery requests and in filing court ordered documents).

Coppertown Road, Haverford, Pennsylvania (the "Property").  On September 17, 1999, Murphy suffered physical losses on the Property due to a hurricane.  According to Murphy, the physical damage to the Property included damage to the garage, walls, floors, pool and the surrounding areas. Federal initiated an investigation of Murphy's claims, which included an examination of the Property.

Both parties claim that the other party breached the conditions in the Federal Policy.  Murphy claims that Federal breached its duty under the Federal Policy when it failed to reasonably and promptly investigate the damages to the Property.  Murphy further contends that Federal breached the terms of the Federal Policy when it failed to evaluate and pay all of Murphy's alleged damages. However, Federal denies any unnecessary dely, arguing that it was willing to investigate and adjust Murphy's losses, but that Murphy's lack of cooperation prevented it from conducting an adequate investigation.  Among the duties Federal claims Murphy breached was the failure to timely notify it (Federal) of the claim, and failure to submit certain documents relevant to the investigation of the claim.  Furthermore, Federal claims that Murphy refused to allow a full inspection of the Property.

Moreover, Federal asserts that Murphy refused to allow it to depose many key witnesses to the Property's damages, including Murphy's wife, Kathleen Murphy, and Murphy's sons.  As a result, Federal filed motions to compel the deposition testimony of Mrs. Murphy and Murphy's sons with this Court.  *See* Docs. 18 & 23.  After carefully considering the arguments of the parties, the Court granted Federal's motions to compel.  Despite the orders of this Court, neither the witnesses nor Murphy appeared for the depositions.  Subsequently, the parties filed the Motions for Summary Judgment now before the Court.

2

## II. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under the governing law. *Id.*

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the movant's initial *Celotex* burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). That is, summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "[I]f the opponent [of summary judgment] has exceeded the 'mere scintilla' [of evidence] threshold and has offered a genuine issue of material fact, then the court cannot credit the movant's version of events against the opponent, even if the quantity of the movant's evidence far outweighs that of its opponent. *Big Apple BMW, Inc. v. BMW of North America, Inc.*, 974 F.2d 1358, 1363 (3d Cir.

3

1992).  Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party.  *Anderson*, 477 U.S. at 255.  Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from facts must await trial.  *Id.*

### III. Discussion

**A. Federal's Motion for Summary Judgement**

_____In support of its Motion for Summary Judgment, Federal argues that its duty under the Federal Policy is not triggered as a matter of law because Murphy has failed to comply with a condition precedent to coverage.  Def.'s Mem. at 10-12.  Federal focuses on a provision in the Federal Policy that (it reasons) requires members of Murphy's family to submit to "examination[s] under oath" as a condition to coverage, (the "Examination Provision").  *See* Def.'s Mem. at Ex. F. The Federal Policy further states that Murphy may not bring a legal action against Federal unless he complies with all policy conditions.  *Id.*  According to Federal, the Examination Provision creates a duty to cooperate with the investigation of Murphy's claim, a duty Murphy breached when he refused to make his wife and sons available for depositions.  Def.'s Mem. at 12-19.  Federal submits that because Murphy has not made his family members available for their depositions, he is in material breach of a policy condition, and his action should be dismissed. *Id.*  Murphy interprets the Federal Policy differently, arguing that the Examination Provision creates neither a condition precedent to coverage nor a duty to cooperate with Federal's requests to depose his family members. Pl.'s Mem. at 8-12.  Moreover, Murphy submits that Federal has not suffered prejudice due to his failure to cooperate.  *Id.*  Therefore, the issue for this Court whether the Federal Policy's Examination Provision creates a duty to cooperate and, if so, did Murphy breach that duty.

**1. Murphy's Duty to Cooperate**

Initially, the Court must determine whether the Federal Policy actually requires the depositions of Murphy's family members. This is an issue of contract interpretation. Interpretation of an insurance contract is "a question of law that is properly decided by the court." *Reliance Ins. Co. v. Moessner*, 121 F.3d 895, 900-01 (3d Cir. 1997) (*quoting Standard Venetian Blind Co. v. American Empire Ins. Co.*, 469 A.2d 563, 566 (1983)). To determine whether a contract is ambiguous, a court must examine the questionable term or language in the context of the entire policy and decide whether the contract is reasonably susceptible to different constructions. *Id.* Where a provision of a policy is ambiguous, the provision should be construed in favor of the insured, here Murphy. *Id.* However, if the terms of the policy are clear and unambiguous, this Court must give effect to the plain language of the agreement. *Id.*

It is clear to the Court that the Federal Policy requires the depositions of the Murphy family members. The contested language is contained on Page Y-5 of the Federal Policy. Def.'s Mem. at Ex. F. The section states that Federal has "the right to examine under oath as often as [they] may require *you*, *family members*, and *other members of your household*." *Id.* (emphasis added). The Federal Policy clearly defines the identity of those parties. "You" is defined in the Federal Policy as "the person named in the Coverage Summary, and a spouse who lives with that person." *Id.* Both Murphy and his wife are listed on the Coverage Summary page. *Id.* The definition of "family member" is equally clear. In the Federal Policy, the term family member "means your relative who lives with you, or any person in your care...who lives with you." *Id.* This language covers both of Murphy's sons because they were residents of the Property at the time that Murphy entered into the

insurance contract.  The fact that the Federal Policy requires deposition testimony of Murphy's family is compelled as a matter of logic and cannot be reasonably disputed.

Nonetheless, Murphy does make an attempt to dispute this reasonable interpretation of an insurance contract that he willingly entered.  In his memorandum, Murphy makes the conclusory assertion that the Examination Provision is a "disputed policy provision"  Pl.'s Mem. at 10.  Murphy's assertion is premised upon the fact that the Examination Provision is not included in his copy of the policy.  Pl.'s Obj. at ¶ 10.  Unfortunately for Murphy, the evidence of this case do not support his claim.  Murphy disputes the validity of the Examination Provision, contending that "[the] copy of the policy provided to [him]...does not contained the alleged disputed provisions upon which defendant purports to rely in support of its motion."  Pl.'s Mem. at 10.  This fact alone, Murphy reasons, creates an issue of material fact.  *Id*.  In its motion for Summary Judgment, Federal attached the *entire* Federal Policy, which includes the Examination Provision.  Def. Mem. at Ex. F.  Federal includes an affidavit which supports the Federal Policy's authenticity.  *Id*.  Murphy provides no proof that the policy that he submitted was the correct version or that Federal's Policy was inaccurate.  The mere fact that Murphy offers an incomplete copy of the Federal Policy does not create an issue of fact regarding a provision in the complete copy.  While Murphy may believe that a material issue of fact exists regarding his duty under the Federal Policy, wishing does not make it so.  The words in the Federal Policy could not be clearer; the Federal Policy requires examinations under oath.

Murphy's attempt to avoid summary judgment is further undermined by his own words.  In a previous memorandum of law to this Court, Murphy concedes that the "sworn statements...are *mandated* under the policy provisions."  Def.'s Mem. at Ex. K (emphasis added).  Amazingly, Murphy now tries to argue the exact opposite position.  It is clear to this Court that there is no

6

material issue of fact regarding the interpretation of the Examination Provision of the Federal Policy.

Therefore, the Court concludes, as a matter of law, that the Federal Policy mandates examinations

under oath.  Because Murphy did not comply with this provision, he is in breach of his duty to

cooperate under the Federal Policy.

**2. Prejudice to Federal**

Having determined that the Federal Policy requires examinations under oath, the Court will

now examine the effect of Murphy's non-compliance on Defendant Federal.  Here, Federal reasons

that because Murphy breached his duty to cooperate with the insurance investigation it is entitled to

summary judgement.  Def.'s Mem. at 10-11.  Federal reasons that summary judgment is appropriate

because Murphy's refusal to make his family members available for deposition testimony, hindered

its ability to investigate Murphy's claim of loss.  *Id*.  Therefore, the duty to make payment on

Murphy's claims was not triggered.  *Id*.  In response, Murphy disputes that he has failed to cooperate,

and contends that Federal cannot meet the standard for breach of such a duty in Pennsylvania.  Pl.'s

Mem. at 8-12.

In Pennsylvania, a breach of an insured's duty to cooperate with an insurance investigation

may relieve the insurer from liability if the failure is substantial and has caused the insurer to suffer

prejudice.  *See Forest City Grant Liberty Assocs. v. Genro II, Inc.*, 652 A.2d 948, 951 (Pa. Super.

1995).  In such cases, the insurer bears the burden of showing that prejudice has resulted from an

insured's failure to cooperate.  *Champion v. Chandler*, No. 96-7263, 1999 U.S. Dist. LEXIS 15824,

at *5-6 (E.D. Pa. September 29, 1999).  An insurer meets that burden, as a matter of law, if it proves

that the insured's failure to cooperate prevented it from participating meaningfully in legal

proceedings that may result in payment of the claim at issue.  *Id*.  As discussed above, it is clear to

this Court that the Examination Provision creates a duty to cooperate.  Therefore, the only issue for

this Court is whether Murphy's failure to cooperate caused Federal substantial prejudice.

The Court finds that Murphy's refusal to cooperate during the investigation has caused

substantial prejudice to Federal.  As a result of Murphy's actions, Federal was unable to depose three

potential witness to the alleged damages of the Property - Murphy's wife and sons.  As a

consequence, Federal will not be able to refute many of the assertions that Murphy would seek to

offer at trial.  Not only is Federal deprived of their testimony, but Federal would be deprived of all

of the potentially relevant evidence that the deposition testimony might uncover.  Much of this

evidence relates to the very claims at dispute in this suit, the condition of the property before and

after the weather event.  Murphy's failure to comply with both his duty to cooperate and the orders

of this Court amount to nothing more than an attempt to hinder Federal's investigation and defense

of this case - an action that Murphy himself filed.

Incredibly, Murphy disagrees, reasoning that he has not substantially prejudiced Federal.  In

support of his position, Murphy references a number of cases dealing with an insured's duty to

cooperate in Pennsylvania.  While Murphy cites the correct legal standard, he does not adequately

explain how the facts of these cases support *his* position.   In *Ania v. Allstate Ins. Co*, 168 F. Supp.

2d 424, 428 (E. D. Pa. 2001), this Court refused to hold that a failure to appear for an examination

under oath was *per se* prejudicial because the insurer in that case did not articulate what specific

information it sought and was denied by virtue of the Defendant's failure to submit to an

examination under oath.  That is not the case here.  As outlined above, Federal has shown that it was

denied the opportunity to depose eyewitnesses to the alleged damages to the Property and that

without that testimony it would be prejudiced at trial.  In *Champion*, Judge Pollak granted summary

judgment for the insurer because "it was denied an adequate opportunity to take control of a case for which it [was] being asked to be accountable." Similarly, Murphy's actions have forced Federal to defend this action without the benefit of full discovery. Murphy cannot have it both ways; he cannot bring an action for breach and fail to cooperate with its progression. As a result of Murphy's disregard for his duty to cooperate, Federal's Motion for Summary Judgment is granted.

**B. Murphy's Motion for Partial Summary Judgement**

Despite Murphy's disregard for the proceedings of this Court, he still managed to file his own motion for summary judgment. The Court will give more attention to his Motion than Murphy did to the Court's discovery orders. Murphy argues that the Federal Policy "obligates [Federal] to indemnify [him] for all physical losses sustained regardless of the risk or cause" and that Federal has not fully paid for the damages to the Property because it has not been able to confirm the cause of the damages. Pl.'s Mem. at 20. Murphy reasons that there is "absolutely nothing in the policy requiring [Federal] confirm the peril or cause of the physical losses." *Id*. Murphy concludes that there is no issue of material fact regarding Federal's obligations, therefore entitling him to summary judgment. Murphy is mistaken for numerous reasons.

First, as outlined above, Federal's duty under the Federal Policy is not triggered, as a matter of law, because Murphy has breached his duty to cooperate. Secondly, the record indicates that many issues of fact exist with respect to which of Murphy's alleged claims are actually covered under the Federal Policy. The factual issues include the tree that allegedly was removed from the Property, alleged interior and exterior damage to the Property. Thirdly, a review of the Federal Policy indicates that it does not cover all physical losses regardless of risk or cause as Murphy advocates. Lastly, Murphy has not meet his summary judgment burden on the issue of whether the

Federal Policy requires Federal to confirm the physical damages to the Property.  Murphy has offered no evidence to support this conclusory position.  Moreover, Murphy's interpretation would frustrate the plain meaning of the Federal Policy, as it would force Federal to indemnify Murphy for unsubstantiated claims.  Murphy's Motion for Partial Summary Judgment is denied.

### IV. CONCLUSION

For the reasons set forth above, the Court will grant Defendant's Motion for Summary Judgment and Deny Plaintiff's Motion for Summary Judgement.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | : | |
| **ROBERT J. MURPHY,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 02-2541** |
| | : | |
| **FEDERAL INSURANCE COMPANY,** | : | |
| **Defendant.** | : | |
| | : | |

**Tucker, J.**                                                                       **January 18, 2006**

## ORDER

**AND NOW,** on this 18th day of January, 2006, upon consideration of Defendant's Motion for Summary Judgment or in the Alternative Dismissal Under FED. R. CIV. P. 37 (Doc. 36), Plaintiff's Response in Opposition and Memorandum in Support of Its Motion for Summary Judgment (Doc. 39), and Defendant's Response to Plaintiff's Motion for Summary Judgment (Doc. 40), **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgement is **DENIED**.

**BY THE COURT:**

**/S/ Petrese B. Tucker**

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

11